IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


STC.UNM,

       Plaintiff,

v.                                         CIV 17-1123 MV/KBM

QUEST DIAGNOSTICS INCORPORATED
and QUEST DIAGNOSTICS CLINICAL
LABORATORIES. INC.,

       Defendants.


## ORDER PERMITTING LIMITED DISCOVERY BY DEPOSITION

THIS MATTER is before the Court on the presiding judge's Order of Reference *(Doc. 37)* referring to me Plaintiff STC.UNM's Motion for Remand *(Doc. 12)* with instructions "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the District Court an ultimate disposition." In response to the motion seeking remand, Defendants ("Quest") have filed an opposed Motion for Limited Discovery *(Doc. 17).* Specifically, Defendants contend that they need discovery "limited to the issues of establishing that STC.UNM is not entitled to either common law or Eleventh Amendment sovereign immunity (and/or has waived any claim to such immunity)." *Doc. 17* at 1. They further assert that such discovery will "aid Quest" in responding to Plaintiff's not yet fully briefed motion to dismiss Defendants' counterclaims. *Id.*

Because the request for limited discovery arises in the context of the motion seeking remand, this Court assumes that the referral order also contemplates a

decision on the related discovery issue. Having reviewed the submissions of the parties and the relevant authorities, the Court finds that the motion for discovery, as limited herein, is well taken for the reasons set forth below.

Plaintiff STC.UNM filed this action in New Mexico State District Court, Second Judicial District Court in Bernalillo County, and asserted contractual claims against Defendants ("Quest") based on a 2006 License Agreement. Specifically, the Complaint alleges that Quest failed in its contractual duties to keep and produce accurate records relating to payment obligations pursuant to the license and to permit an audit of those records, upon Plaintiff's request. Quest then removed the action to federal court asserting both federal question and diversity subject matter jurisdiction. Moreover, Quest has since filed declaratory judgment counterclaims alleging patent invalidity and non-infringement.

At issue on both of the referred motions is Plaintiff's entitlement to Eleventh Amendment immunity. "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner County Rural Water Dist. No. 2 v. Grand River Dam Authority*, 577 F.3d 1255, 1258 (10th Cir.2009)). Here, Plaintiff STC.UNM has asserted such immunity from the inception of this suit. In its Complaint filed in state district court, Plaintiff expressly alleges, "UNM and STC are arms of the State of New Mexico entitled to common law, Eleventh Amendment, and statutory sovereign immunity." *Doc.1-1* ¶ 9. The Complaint further indicates that Plaintiff "expressly reserves, and does not waive, its sovereign immunity to any non-compulsory counterclaims, federal proceedings, or administrative actions by filing this contract-

based state court action. *Id.* at ¶ 12. Plaintiff now again asserts this claim to immunity in both its Motion to Dismiss *(Doc. 10)*, filed December 7, 2017, and its Motion to Remand *(Doc. 12)*, filed the following day.

The Tenth Circuit has identified "four primary factors" in evaluating whether an entity qualifies as an "arm of the state."

> First, we assess the character ascribed to the entity under state law. Simply stated, we conduct a formalistic survey of state law to ascertain whether the entity is identified as an agency of the state. Second, we consider the autonomy accorded the entity under state law. This determination hinges upon the degree of control the state exercises over the entity. Third, we study the entity's finances [such as] the amount of state funding the entity receives and consider whether the entity has the ability to issue bonds or levy taxes on its own behalf. Fourth, we ask whether the entity in question is concerned primarily with local or state affairs. In answering this question, we examine the agency's function, composition, and purpose.

*Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (citations omitted). The Quest Defendants dispute STC.UNM's claim to immunity and argue that

> publically-available information supports the conclusion that STC is not entitled to claim sovereign immunity and, in fact, contradicts the assertions made in STC's Motion to Remand and Motion to Dismiss regarding its organizational structure and day-to-day management. Since these factors are key to this Court's determination of whether STC has properly asserted a claim to sovereign immunity, and such information is solely within the possession, custody and control of STC or third parties, limited discovery is necessary to ensure that the Court has the facts necessary for a thorough consideration of the issue of sovereign immunity.

*Doc. 35* at 1. Quest has identified some information concerning "the independence of STC and its Board of Directors from the University of New Mexico, and the characterization of STC under the University Research Park Act ("the Act")" that arguably could support Defendants' position. *Id.* at 3.

The Tenth Circuit recently reiterated its holding that "[w]hen . . . there is a factual question regarding a . . . sovereign's entitlement to immunity, and thus a factual question regarding a district court's jurisdiction, the district court must give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Finn v. Great Plains Lending, LLC*, 689 F. App'x 608, 610 (10th Cir. 2017) (quoting *Hansen v. PT Bank Negara Indon. (Persero), TBK*, 601 F.3d 1059, 1063-64 (10th Cir. 2010)). Although the *Hansen* case arose in the context of immunity under the Foreign Sovereign Immunities Act, and the *Finn* case concerned tribal immunity, this Court finds their rationale equally applicable here where Eleventh Amendment immunity is at issue.

At its heart, the Eleventh Amendment immunity analysis is factually driven. Indeed, "this arm-of-the-state 'inquiry turns on an analysis of state law and financial arrangements so the answer may well differ from state to state and agency to agency and epoch to epoch.'" *Moore v. Univ. of Kansas*, 124 F. Supp. 3d 1159, 1163 (D. Kan. 2015) (quoting *Ute Indian Tribe of the Uintah and Ouray Reservation v. Utah*, 790 F.3d 1000, 1012 (10th Cir.2015)). Therefore, out of an abundance of caution and to assure no prejudice to Defendants, the Court will permit limited discovery on the sole threshold issue of Plaintiff's entitlement to immunity.

The Court is mindful, however, that such limited discovery must be sufficiently tailored and circumscribed so as not to intrude on a state's protection from suit and burdens of discovery in federal court. In support of its Motion to Dismiss, STC submitted a Declaration from Elizabeth J. Kuuttila, Chief Executive Officer and Chief Economic Development Officer of STC.UNM, and attached several exhibits supporting Plaintiff's

entitlement to Eleventh Amendment immunity. The Court will therefore authorize limited discovery in the form of a deposition of Ms. Kuuttila regarding the contents of her declaration and accompanying exhibits, as well as the day-to-day activities of STC that bear on STC's autonomy from the state.

As to briefing on the pending motions, Defendants' Responses to both the Motion to Dismiss and Motion to Remand are to be filed no later than 30 days after the deposition of Ms. Kuuttila is taken. Plaintiff STC.UNM's Replies to the Motions, if any, are due 14 days after the filing of Defendants' Responses.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE