# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STC.UNM,

        Plaintiff,

v.                                            CV 17-1123 MV/KBM

QUEST DIAGNOSTICS INCORPORATED
and QUEST DIAGNOSTICS CLINICAL
LABORATORIES, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on STC.UNM's Objection to Order Permitting Limited Discovery (Doc. 38) ("Objection") [Doc. 39]. The Court, having considered the objection, briefs, and relevant law, and being otherwise fully informed, finds that the Objection is not well-taken and will be overruled.

## BACKGROUND

Plaintiff commenced this action in New Mexico State District Court, Second Judicial District Court, in Bernalillo County, and asserted contract claims against Defendants based on a 2006 License Agreement. Defendants then removed the action to this Court, asserting federal question and diversity jurisdiction. Thereafter, Defendants filed declaratory judgment counterclaims regarding patent issues.

Plaintiff filed a motion to dismiss and a motion to remand on December 7, 2017 and December 8, 2017, respectively. Both motions are based in part on Plaintiff's argument that it is an arm of the State of New Mexico, and thus is entitled to sovereign immunity under the Eleventh Amendment. Docs. 10, 12. In support of its motion to dismiss, Plaintiff filed a

1

declaration of Elizabeth Kuuttila, Chief Executive Officer and Chief Economic Development Officer of STC.UNM, and attached several exhibits, which address the issue of Plaintiff's Eleventh Amendment immunity. Doc. 11. In response to Plaintiff's motions, on December 13, 2017, Defendants filed a motion requesting discovery "limited to the issues of establishing that STC.UNM is not entitled to either common law or Eleventh Amendment sovereign immunity (and/or has waived any claim to such immunity)." Doc. 17. According to Defendants, such discovery is necessary in order to respond to Plaintiff's motions to dismiss and to remand. Id.

On January 31, 2018, this Court referred to Magistrate Judge Karen B. Molzen Plaintiff's motion to remand. Doc. 37. On March 7, 2018, Judge Molzen entered an Order Permitting Limited Discovery by Deposition ("the Order"), determining that Defendants' motion for discovery, as limited in her Order, was well-taken. Doc. 38. Specifically, the Order authorizes limited discovery in the form of a deposition of Ms. Kuuttila regarding the contents of her declaration and attached exhibits and the day-to-day activities of STC.UNM that bear on its autonomy from the state. Id. On the instant Objection, Plaintiff argues that by granting Defendants limited discovery, the Order "misapplies the law on sovereign immunity and constitutes clear legal error." Doc. 39 at 2.

**STANDARD**

Because the Order granting discovery is not dispositive of this case, under Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. Section 636(b)(1)(A), this Court must defer to Judge Molzen's "ruling unless it is clearly erroneous or contrary to law." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) (holding that "[d]iscovery is a nondispositive matter"). Specifically, Rule 72(a) provides that, on "timely objections" to a magistrate judge's order on a

2

non-dispositive matter, "the district court must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (district judge may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citation omitted). As the Seventh Circuit has articulated the standard, to be clearly erroneous "a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988).

## DISCUSSION

In its Objection, Plaintiff argues that the Order permitting Defendants limited discovery is clearly erroneous and contrary to law because Eleventh Amendment immunity is a question of federal law reviewed de novo, and thus the Court need make no factual inquiry in determining whether Plaintiffs are entitled to remand and dismissal of Defendants' counterclaims. Doc. 39 at 7. According to Plaintiff, the law is clear that nothing beyond state law is relevant to the immunity determination, "including deposition testimony, policies, procedures, and course of conduct evidence." Id. at 8. Further, Plaintiff argues that under Tenth Circuit law, "discovery is prohibited pending determination of [the immunity] jurisdictional challenge." Id. at 10.

The Court agrees that "Eleventh Amendment immunity is a question of federal law and [the appellate court's] review is de novo," and that, while the court gives "deference to state court decisions regarding whether a given entity is an arm of the state," it does "not view these

3

rulings as dispositive." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007). The Court, however, does not equally agree that it follows that, when making its immunity determination, the district court is prohibited either from considering the factual circumstances of the case before it or from ordering limited discovery to aid in its determination.[1] Plaintiff has not cited, and the Court has not found, any authority to support its position that the court not only need not, but may not engage in a factual inquiry in determining whether it is entitled to Eleventh Amendment immunity or permit limited discovery to aid in its determination.

Indeed, in *Steadfast*, the Tenth Circuit explained that the analysis of whether an entity is an arm of the state for Eleventh Amendment immunity purposes "depends, in large part, upon [the court's] analysis of the nature of the entity created by state law," and the court must "consider the status of the [entity] anew." *Id.* at 1253-54. In determining whether an entity constitutes an arm of the state, the court looks to four primary factors:

---

[1] Indeed, the point of the Tenth Circuit's holding that the immunity issue is one of federal law appears to be addressing whether the court must defer to the state's own determination of whether the entity at issue is an arm of the state. *See Duke v. Grady Mun. Schs.*, 127 F.3d 972, 978 (10th Cir. 1997) (explaining that while the court "must view the issue of Eleventh Amendment immunity as a federal question, [it] cannot ignore the fact that the answer to the question requires a detailed analysis of New Mexico constitutional and statutory materials. And, the State's highest court is the best authority on its own law."). Similarly, the de novo standard of review applies to the "legal effect" of the facts, *i.e.*, "whether the relevant statutes and facts developed during discovery establish that" an entity is the arm of the state. *U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 804 F.3d 646, 654 (4th Cir. 2015). That the district court's immunity determination is reviewed de novo has no bearing on whether the court first must resolve issues of fact in order to make that determination. Indeed, fact finding is expressly permitted on a motion to dismiss for subject matter jurisdiction, and the court's determination as to whether it has subject matter jurisdiction is reviewed de novo. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (where motion to dismiss for subject matter jurisdiction involves challenge to actual facts upon which subject matter jurisdiction is based, the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)"; *Becker v. Ute Indian Tribe of Uintah and Ouray Reservation*, 770 F.3d 944, 946 (10th Cir. 2014) ("Our review of the district court's dismissal for lack of subject matter jurisdiction is de novo.").

> First, [the court] assess[es] the character ascribed to the entity under state law. Simply stated, [the court] conduct[s] a formalistic survey of state law to ascertain whether the entity is identified as an agency of the state. Second, [the court] consider[s] the autonomy accorded the entity under state law. This determination hinges upon the degree of control the state exercises over the entity. Third, [the court] stud[ies] the entity's finances. Here, [the court] look[s] to the amount of state funding the entity receives and consider[s] whether the entity has the ability to issue bonds or levy taxes on its own behalf. Fourth, [the court] ask[s] whether the entity in question is concerned primarily with local or state affairs. In answering this question, [the court] examine[s] the agency's function, composition, and purpose.

*Id.* at 1253. By necessity, the third and fourth factors of this test, namely, the entity's finances and the entity's focus on local versus state affairs, involve factual inquiries.

In applying the *Steadfast* analysis, other courts in this circuit have recognized the need for factual inquiry and accordingly, have permitted limited discovery similar to the discovery ordered here. *See Moore v. Univ. of Kansas*, 124 F. Supp. 3d 1159, 1170 (D. Kan. 2015) (granting plaintiff's request for discovery relevant to Eleventh Amendment immunity issues because the court was "simply not convinced that it [could] make a final determination" on defendant's motion to dismiss without a more fully developed factual record); Schwartz *v. Jefferson Cty. Dep't of Human Servs.*, No. 09-cv-915, 2010 WL 1350832 (D. Colo. Mar. 31, 2010) (where defendants moved to dismiss on the basis of Eleventh Amendment immunity, granting plaintiffs' request for discovery limited to the *Steadfast* factors, "given that the question necessary to resolve [], whether the Defendants qualify as an arm of the state, is a fact intensive inquiry that involves issues of state law"). Courts in other circuits similarly have recognized that the multi-factored, arm of the state analysis necessarily involves a factual inquiry, and as a result, have permitted limited discovery on Eleventh Amendment immunity before deciding a motion to dismiss on that basis. *See Oberg*, 804 F.3d at 653 (explaining that, in its prior decision, it had "vacated the district court's order dismissing Oberg's complaint, and []

5

instructed the district court on remand to permit limited discovery on the question of whether PHEAA [was] truly subject to sufficient state control to render it a part of the state," and that, "[o]n remand, the parties engaged in discovery, and PHEAA field a motion for summary judgment on the arm-of-the-state issue," which the district court granted "in light of the post-remand factual development of the case"); *Lang v. Penn. Higher Educ. Assistance Agency*, 610 F. App'x 158, 162 (3d Cir. 2015) (explaining that applying the arm of the state "factors requires a fact-intensive review that calls for individualized determinations," and vacating the district court's judgment of dismissal and remanding for further development of the factual record) (citing *Blake v. Kline*, 612 F.2d 718 (3d Cir. 1979) (vacating and remanding on Eleventh Amendment immunity question where, "in a close case . . ., evidence beyond the mere statutory language is required"); *Strykowski v. N.E. Ill. Reg'l Commuter R.R. Corp.*, 30 F.3d 136, 1994 WL 287395, *2 (7th Cir. June 28, 1994) (holding that whether the defendant "is vested with sufficient state characteristics to qualify for sovereign immunity under the Eleventh Amendment is a factual determination, and that the "district court must undergo a fact-specific factor-driven analysis," which is "a close question and will no doubt require additional briefing, discovery, and a hearing to develop facts sufficient to decide the issue"). Admittedly, other courts have determined that, in the particular case before it, the arm of the state determination was so clear that discovery was not necessary; those courts, however, did not suggest that discovery relevant to Eleventh Amendment immunity would not be useful under different circumstances, or that such discovery was somehow legally prohibited. *See Pharm. & Diagnostic Servs., Inc. v. Univ. of Utah*, 801 F. Supp. 508, 512 n. 9 (D. Utah 1990) (recognizing that "each state university exists in a unique governmental context, and each must be considered on the basis of its own peculiar circumstances," but finding that, in the particular case before it, the court needed "only look to

6

the peculiarities of Utah law," which "as distinguished from any detailed factual inquiry, clearly render[e]d the University of Utah an arm of the state," and thus declining to award discovery); *South Carolina Dep't of Disabilities & Special Needs v. Hoover Univ. Inc.*, 535 F.3d 300, 308 (4th Cir. 208) (holding that, where plaintiff agencies "were created as state agencies and [were] operated by state employees in furtherance of a state-wide mission," were "funded by the State and [were] financially accountable to the State," and "any recovery by these two agencies in this case would be returned to the State's general fund," "[n]o discovery, as Hoover claim[ed] it should have received, could change their status").

Nor is Plaintiff correct that in the qualified immunity context, discovery is prohibited pending determination of whether such immunity applies. To the contrary, the Tenth Circuit has specifically held that "qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Maxey ex rel. Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989) (citation omitted). And discovery orders "entered when the defendant's immunity claim turns at least partially on a factual question; when the district court is unable to rule on the immunity defense without further clarification of the facts; and which are narrowly tailored to uncover only those facts needed to rule on the immunity claim are neither avoidable or overly broad." *Id.*

Here, Judge Molzen determined that Plaintiff's immunity claim turns at least partially on factual questions, namely whether STC and its Board of Directors are independent from the University of New Mexico, and the characterization of STC under the University Research Park Act, and that further clarification of these issues is necessary in order to determine whether Plaintiff is an arm of the state. Doc. 38 at 3. Further, the Order, which allows discovery in the limited form of a deposition of Ms. Kuuttila as to certain discrete topics, is narrowly tailored to

uncover only those facts that are needed to rule on Plaintiff's immunity claim. Accordingly, Plaintiff's "immunity claim fits squarely within this rule of permissible discovery." *Maxey*, 890 F.3d at 282.

There is simply no authority for Plaintiff's position that allowing limited discovery on the issue of Eleventh Amendment immunity is contrary to law. Nor is this Court left with "the definite and firm conviction" that, by ordering limited discovery in the form of the deposition of Ms. Kuuttila, "a mistake has been committed." *Ocelot*, 847 F.2d at 1464. Accordingly, Plaintiff's objection is not well-taken and will be overruled.

## CONCLUSION

The Order permitting Defendants limited discovery is neither clearly erroneous nor contrary to law. There thus is no basis for this Court to sustain Plaintiff's Objection to the Order.

**IT IS THEREFORE ORDERED** that STC.UNM's Objection to Order Permitting Limited Discovery (Doc. 38) [Doc. 39] is OVERRULED.

DATED this 23rd day of July, 2018.

_____
MARTHA VAZQUEZ
United States District Judge